UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Nancy Dangerfield, | : | Case No. 1:02CV0782 |
| | : | |
| Plaintiff | : | Judge Kathleen O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |


In this action plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. §406(b) in the amount of $4,271.25, recognizing that $1,315.31 of that sum is to be remitted to the plaintiff by virtue of an EAJA (28 U.S.C. §2412) award having been made to the plaintiff in January 2004 in that amount.

Having reviewed the schedule of services rendered by plaintiff's counsel and his legal assistant this Court finds that the fee award sought is allowable under the standards of Hayes v. Secretary of Health and Human Services, 923 F.2d 418 (6th Cir. 1990).

Plaintiff's counsel has creatively suggested that "Rather than have the agency release to counsel $4,271.25 and then counsel in turn refund $1,315,31 (EAJA fee) to Dangerfield, the Court is requested to apply the EAJA credit directly in making the award.  But the award should show on its face the full $4,271.25 so that the agency will not mistakenly ask counsel to refund the $1,315.31 to Dangerfield on the theory that such amount is the 'smaller' of the §406(b) and EAJA awards." While there is a certain sense to that approach, it is not how the statutory scheme is structured.

It is, therefore, recommended that plaintiff's counsel be granted an award of fees pursuant to 42 U.S.C. §406(b) in the sum of $4,271.25 from the statutory retention for fees from the plaintiff's award of past due benefits, with directions to pay over to the plaintiff the $1,315.21 previously awarded pursuant to EAJA.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   December 10, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).